

**ORDERED in the Southern District of Florida on April 25, 2017.**

Robert A. Mark, Judge
United States Bankruptcy Court

_____

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
www.flsb.uscourts.gov**

IN THE MATTER OF:              CASE NO. 16-25167-RAM
HORTENSIA J. TRUJILLO          CHAPTER 13

     Debtor,
_____/

**ORDER GRANTING MOTION TO VALUE AND DETERMINE SECURED STATUS OF LIEN ON REAL PROPERTY HELD BY VILLA VIZCAYA CONDOMINIUM ASSOCIATION, INC., DE 34**

THIS CASE came to be heard on April 18, 2017, on the Debtor's *Motion to Value and Determine Secured Status of Lien on Real Property held by Villa Vizcaya Condominium Association, Inc.,*(Docket Entry # 34; the "Motion"). Based upon the Debtors' assertions made in support of the Motion, having considered the record in this case, and being duly advised that the parties are in agreement, the Court FINDS as follows:

A. The value of Debtors' real property (the "Real Property") located at 8510 NW 138 Terr., Unit #1903 Miami, FL 33016 more particularly described as

**LEGAL DESCRIPTION: UNIT 1903, PHASE 19, OF VILLA VIZCAYA CONDOMINIUM, A CONDOMINIUM ACCORDING TO THE DECLARATION OF CONDOMINIUM THEREOF, AS RECORDED IN OFFICIAL RECORDS BOOK 19644, PAGE 2745, OF THE PUBLIC RECORDS OF MIAMI-DADE COUNTY, FLORIDA.**

is $156,704.00 at the time of filing of this case.

B. The total of all claims secured by liens on the Real Property senior to the lien of Villa Vizcaya Condominium Association, Inc.. (the "Association") is $246,371.43

C. The equity remaining in the Real Property after payment of all claims secured by liens senior to the lien of Association is $0.00 and Association has a secured interest in the Real Property in such amount.

Consequently, it is **ORDERED** as follows:

1. The motion is **GRANTED.**

2. Association has an allowed secured claim of 0.00.

3. Because Association's secured interest in the Real Property is $0, Association's Assessment Lien Rights prior to the filing of the Debtors' bankruptcy petition; including the lien recorded on March 29, 2016, at Book 30015, Page 3889 (2 Pages), in the official records of Miami-Dade County, Florida; shall be deemed void and shall be extinguished automatically, without further order of the Court, upon entry of the debtors' discharge in this chapter 13 case. If this case is converted to a case under any other chapter or if the chapter 13 case is dismissed, Association's Assessment Lien Rights will no longer be considered void and shall be restored as a lien on the Real Property.

4. Lender/Association filed Proof of Claim 1-1 in this case. It shall be classified as a secured claim in the amount provided in paragraph 2, above, a general unsecured claim in the amount of $6460.00, regardless of the original

      classification in the Proof of Claim as filed..

5. The Real Property may not be sold or refinanced without proper notice and further order of the Court.

6. Notwithstanding the foregoing, this Order is not recordable or enforceable until the debtor receives a discharge in this chapter 13 case.

###

Submitted By:

RICARDO CORONA, ESQ.
Florida Bar No. 111333
CORONA LAW FIRM
3899 NW 7 Street, Suite 202-B
Miami, FL 33126
(305) 266-1150 Phone

Attorney for debtor is directed to serve a conformed copy of this Order on all interested parties immediately upon receipt hereof and to file a certificate of service.